HAVERFIELD, Judge
(dissenting).
I am constrained to dissent.
*1094 Section 473.011(5), Florida Statutes (1975)[1] with unmistakable clarity defines public accounting to mean those services involving the use of accounting skills. The simple act of causing directly or indirectly a certified financial statement to be published and delivered to the plaintiff in Florida simply does not constitute a public accounting service as defined by the above statute.
In addition, for responsibility to attach under Section 473.241(2), Florida Statutes (1975), the public accounting services performed in Florida must be performed either by a Florida practitioner or an out-of-state practitioner pursuant to a special permit. See Section 473.241(1), Florida Statutes (1975).[2]
Plaintiff’s complaint contains no allegation to the effect that the accounting services complained of were performed by a Florida practitioner or by the defendant pursuant to a special permit.
Therefore, I would grant the motion to dismiss.

. “(5) Whenever the term ‘public accounting’ is used in this chapter, it shall be deemed and construed to mean:
“(a) All services offered to or performed for the public by a Florida practitioner or an out of state practitioner involving the use of accounting skills, specifically including, but not limited to, management services, and

. . All public accounting services performed in the state must be performed by such Florida practitioner, except that an out-of-state practitioner may perform public accounting services in the state under the provisions of § 473.131.”